IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FIRST MAGNUS FINANCIAL CORPORATION, ) | |
|     Plaintiff, ) | |
| v. ) | No. 06-0736-CV-W-FJG |
| ) | |
| FIRST UNITED MORTGAGE, L.L.C., et al., ) | |
|     Defendants. ) | |

## ORDER

Pending before the Court are (1) Plaintiff's Motion for Default Judgment Against Defendant Michael Zabor (Doc. No. 30) and (2) Plaintiff's Motion for Default Judgment Against Defendant Derric Goodwin d/b/a DPI & Associates (Doc. No. 31).

Plaintiff filed its complaint on September 1, 2006 (Doc. No. 1). Defendant Michael Zabor was served on December 7, 2006, making his answer due December 28, 2006. See Doc. No. 20. Defendants DPI & Associates and Derric Goodwin were served on December 18, 2006, making their answers due on or before January 8, 2007. See Doc. Nos. 21 and 22. To-date, none of the aforementioned defendants have filed an answer to the complaint. On March 16, 2007, plaintiff filed the above-mentioned motions for default judgment. Responses to the motions for default judgment were due on or before April 2, 2007. Again, none of these defendants responded to the motions for default judgment.

On April 10, 2007, this Court ordered defendants Michael Zabor and Derric Goodwin d/b/a DPI & Associates to show cause in writing, on or before **Friday, April 27, 2007,** why this Court should not grant plaintiff's motion for default judgment. Defendants were cautioned that failure to respond to this Order might result in the entry of a default judgment against defendants without further notice. Nonetheless, to-date neither Zabor nor Goodwin have responded to the Court's Order.

Accordingly, the Court **ENTERS** a **DEFAULT** pursuant to Fed. R. Civ. P. 55(a) as to defendants Michael Zabor and Derric Goodwin d/b/a DPI & Associates. However, the Court will **DENY WITHOUT PREJUDICE** plaintiff's motions for default judgment as to these

defendants (Doc. Nos. 30 and 31), as defendants Zabor and Goodwin are not the only named defendants that plaintiff asserts are liable for entering into a mortgage fraud scheme as to the property located at 3850 E. 60th Terrace, Kansas City, MO 64062. Instead, plaintiff asserts defendants First United, Gennusa, King, and Chicago Title also played a part in allegedly defrauding plaintiff. See Complaint, Doc. No. 1, ¶ 41. Plaintiff brings claims against defendants Zabor, First United, Chicago Title, King, and Gennusa for Breach of Fiduciary Duty (Doc. No. 1, ¶¶ 103-110), Fraudulent Omission (Doc. No. 1, ¶¶ 117-121), Negligent Misrepresentation (Doc. No. 1, ¶¶ 122-128), Professional Negligence/Negligence (Doc. No. 1, ¶¶ 129-140), and Tortious Interference with a Business Expectancy or Relationship (Doc. No. 1, ¶¶ 141-146). Plaintiff also brings claims against defendants Zabor, Goodwin, First United, Chicago Title, King, and Gennusa for Fraudulent Misrepresentations (Doc. No. 1, ¶¶ 111-116), Civil Conspiracy (Doc. No. 1, ¶¶ 147-152), and Unjust Enrichment (Doc. No. 1, ¶¶153-156). Plaintiff seeks a judgment in its favor that defendants are jointly and severally liable for the damages plaintiff has suffered. Doc. No. 1, p. 35, ¶ 7.

As multiple non-defaulting defendants remain as to the above-named claims, and plaintiff seeks to have defendants held jointly and severally liable for its damages, the Court finds that no final decree on the merits should be entered against defaulting defendants Zabor and Goodwin until the case is disposed of as to the remaining defendants. See Frow v. De La Vega, 82 U.S. 552, 554 (1872); United States ex rel. Costner v. United States, 56 Fed. Appx. 287, 288 (8th Cir. 2003)(citing Frow, 82 U.S. at 554); Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 433 (8th Cir. 1992)(noting that where multiple defendants may be jointly and severally liable but less than all of the defendants default, the better practice is for the court to stay determination of damages against the defaulters until resolution of the remaining claims in order to avoid inconsistent damage determinations). Accordingly, plaintiff's motions are **DENIED WITHOUT PREJUDICE** to their reassertion after the claims against the remaining defendants are resolved.

It is further ordered that the Clerk of the Court send a copy of this Order by regular

and certified mail to:

>Michael Zabor
>1410 Haden
>Independence, MO 64050

and

>Derric Goodwin, d/b/a DPI & Associates
>Farmers Insurance
>17180 West 118th Terrace
>Olathe, KS 60661

**IT IS SO ORDERED.**

Date:  5/7/07    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri    Fernando J. Gaitan, Jr.
    Chief United States District Judge