**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

FIRST MAGNUS FINANCIAL CORPORATION,    )
           Plaintiff,          )
v.                                  )  No.  06-0736-CV-W-FJG
                                  )
FIRST UNITED MORTGAGE, L.L.C., et al.,     )
           Defendants.      )

# ORDER

Before the Court is plaintiff First Magnus Financial Corporation's letters dated June 15, 2009 and June 23, 2009 detailing discovery disputes between them and defendants First United, Gennusa, and McFeeters. Also before the Court is defendants' letter dated July 8, 2009, in response. After reviewing the parties' letters, the Court believes it does not need a teleconference to resolve the disputes presented; instead, the Court will proceed to resolve the disputes via this Order.[1]

## I.    Background

This case arises from three residential mortgages where the homes were eventually foreclosed upon and plaintiff First Magnus allegedly incurred losses. Plaintiff First Magnus is a residential mortgage lender, and defendant First United Mortgage, L.L.C. is a mortgage brokerage which plaintiff alleges submitted fraudulent appraisals and false borrower information to plaintiff, inducing plaintiff to finance the loans. Defendant Carl Gennusa is a principal member, officer, employee, and agent of First United, and is listed as "broker of record" in the brokerage agreement signed with First Magnus. Gennusa is also the loan

---

[1]To the extent that either party believes discovery issues remain following the entry of this Order, they shall request a discovery dispute teleconference or file a motion on or before **JULY 27, 2009.**

officer that processed the loans that are the subject of the complaint. Defendant McFeeters is also a principal member, officer, employee and agent of First United, and signed the brokerage agreement as an "officer other than broker." McFeeters also is a loan officer who processed loans that are the subject of the complaint.[2]

Plaintiff alleges the residential mortgages at issue in this case were made to Carma Ricklefs, Michael Wall, and Wayne Long. Plaintiff alleges that the loan application submitted to it for Carma Ricklefs failed to disclose an existing borrower liability of $26,014 for an auto loan obtained in February 2003, approximately one month before the April 8, 2003 funding by plaintiff of the Ricklefs Loan. Plaintiff alleges that the appraisal (dated August 2, 2002) for the Michael Wall loan omits material information regarding a prior sale of the property. Plaintiff further alleges that the Wayne Long loan appraisal (performed on or around July 22, 2002) contains incorrect square-footage information regarding comparable properties, and omits sale information regarding a comparable property. Plaintiff states that all of these omissions and misrepresentations were material to its decision to fund the loans at issue.

Plaintiff brings causes of action for (1) Breach of Contract against First United; (2) Breach of Contract against Chicago Title; (3) Breach of the Implied Covenant of Good Faith

---

[2]Other defendants in this matter are (1) Sandy Kohl, another loan officer at First United; (2) Dusty Owens, a real estate appraiser; (3) Michael Zabor, a real estate appraiser; (4) DPI & Associates, the seller of at least one of the subject properties; (4) Derric Goodwin, the owner of DPI & Associates, and the seller of at least one of the properties; (5) Chicago Title, the insurance company that provided title insurance and conducted the closing for one of the properties; (6) Becky King, an employee of Chicago Title and the closing agent for one of the loans; and (7) Does I-X, who to date have not been identified.

Case 4:06-cv-00736-FJG   Document 150   Filed 07/20/09   Page 2 of 10

and Fair Dealing against First United and Chicago Title; (3)(a)[3] Breach of Fiduciary Duty

against First United, Loan Officers, Appraisers, Chicago Title, and Becky King; (4)

Fraudulent Misrepresentation against First United, Gennusa, Kohl, Appraisers, Goodwin,

Chicago Title, and Becky King; (5) Fraudulent Omission against First United, Gennusa,

Kohl, Appraisers, Chicago Title, and Becky King; (6) Negligent Misrepresentation against

First United, Loan Officers, Appraisers, Chicago Title, and Becky King; (7) Professional

Negligence/Negligence against First United, Loan Officers, Appraisers, Chicago Title, and

Becky King; (8) Tortious Interference with a Business Expectancy or Relationship against

First United, Loan Officers, Appraisers, Chicago Title, and Becky King; (9) Civil Conspiracy

against All Defendants; and (10) unjust enrichment against all defendants.

## II.     Issues raised in discovery dispute letter[4]

## A.     First Magnus' Second Request for Admissions to First United

### 1. Requests for Admissions Nos. 11 and 12

**REQUEST FOR ADMISSION NO. 11:** Admit that Carl Gennusa had an ownership interest in First United between September 12, 2001 and May 1, 2003.

**REQUEST FOR ADMISSION NO. 12:** Admit that Matt McFeeters had an ownership interest in First United between September 12, 2001 and May 1, 2003.

**Plaintiff's position:** This information is relevant because the ownership interest of these parties is relevant to control of the entity and motive with respect to closing loans.  Plaintiff further states that it has no understanding of the structure of First United, and has used the

---

[3]There are two Count 3's in plaintiff's complaint.

[4]The parties indicate that the discovery requests issued to defendants Gennusa and McFeeters have the same concerns as those addressed below regarding defendant First United.  Therefore, the Court will only discuss below the discovery disputes as between plaintiff and defendant First United.  However, the Court's rulings are equally applicable to all three defendants.

term "ownership" because it can cover a variety of interests and corporate structures.

**Defendant's Position:** Defendant First United states that this request, contrary to plaintiff's suggestions, does not seek information regarding duties to supervise or manage, but instead seeks the assets of Mr. Gennusa and Mr. McFeeters. Defendant further states that the requested information has no relationship to the claims for breach of contract nor the claims sounding in tort.

**Ruling:** For <u>plaintiff</u>. Defendants shall respond to these requests for admission on or before **JULY 27, 2009.**

**B.** **First Magnus' Second Set of Interrogatories to First United.**

### 1. Interrogatories Nos. 2 and 3

**INTERROGATORY NO. 2:** Identify all cash distributions or any other transfer of value between First United or its principals, members, employees, agents, or representatives and Dusty Owens from September 12, 2001 to the present.

**INTERROGATORY NO. 3:** Identify all cash distributions or any other transfer of value between First United or its principals, members, employees, agents, or representatives and Michael Zabor from September 12, 2001 to the present.

**Ruling:** Based on the parties' representations in their letters, it appears the parties have resolved this dispute. To the extent that the parties believe anything remains at issue in regards to these interrogatories, the parties must notify the Court before **JULY 27, 2009.**

### 2. Interrogatories Nos. 4 and 5

**INTERROGATORY NO. 4:** Separately identify all compensation or other value paid to Carl Gennusa from or related to First United from September 12, 2001 to the present.

**INTERROGATORY NO. 5:** Separately identify all compensation or other value paid to Matthew McFeeters from or related to First United from September 12, 2001 to the present.

**Plaintiff's position:** Plaintiff states that in the parties attempt to resolve this dispute, plaintiff offered to limit the time frame to September 2001 to May 2003. Defendant found this to be unacceptable. Plaintiff states this request is relevant because the request seeks information regarding compensation paid from one defendant to another, and payments to defendants Gennusa and McFeeters establish motive for closing loans. The information is also relevant to plaintiff's unjust enrichment claims.

**Defendant's position:** Defendant notes that plaintiff's interrogatories are not limited to the

4

three loans at issue in this case, but seeks all compensation paid to Mr. Gennusa and Mr. McFeeters for all matters not related to the three loans (Long, Wall and Ricklefs) at issue in this matter. Defendant says this information has no relationship to plaintiff's breach of contract or tort claims.

**Ruling:** for <u>defendants</u>. The Court agrees with defendants that the information sought is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

### 3. Interrogatory No. 6

**INTERROGATORY NO. 6:** Identify with specificity all communications between or among any principal, member, employee or agent of First United relating to "pushed" or inflated appraisals.

**Ruling:** Based on the parties' representations in their letters, it appears the parties have resolved this dispute. To the extent that the parties believe anything remains at issue in regards to these interrogatories, the parties must notify the Court before **JULY 27, 2009.**

### 4. Interrogatory No. 9

**INTERROGATORY NO. 9**: Identify all individuals employed by or on behalf of First United and every independent contractor or other third party (including appraisers and closing agents) who provided services associated with the loans originated by First United between September 2001 and May 2003.

**Plaintiff's position:** Plaintiff states this information is relevant or reasonably calculated to lead to admissible information because plaintiff is entitled to interview employees and third parties that may have knowledge regarding plaintiff's claims and defendant First United's methods of doing business.

**Defendant's position:** Defendant states that it is willing to provide the identity of the individuals (appraisers, employees, loan officers, loan processors, closing agents, and title companies) that provided service in connection with the three loans at issue in this matter. Defendant states it is not willing to provide this information as to the thousands of other loans which have no relationship to the facts in this case.

**Ruling:** For <u>defendants.</u> Defendants shall provide plaintiff the identity of the individuals (appraisers, employees, loan officers, loan processors, closing agents, and title companies) that provided service in connection with the three loans at issue in this matter on or before **JULY 27, 2009.** Plaintiff has not demonstrated that it is entitled to the remaining evidence it seeks.

### 5. Interrogatory No. 11

5

**INTERROGATORY NO. 11**: Identify all communications between you and any retained or non-retained expert witness, including but not limited to Dusty Owens, Stacy Humbird, and Thomas Pryor.

**Plaintiff's position**: Plaintiff requests that defendant confirm what communications occurred, and that First United produce all communications, including facsimile, e-mail, or drafts. Plaintiff indicates this request for confirmation and production is also made with regard to similar interrogatories and requests for production promulgated to defendants Gennusa and McFeeters.

**Defendant's position:** defendant states that, without waiving its objection, it has fully answered First Magnus' interrogatory.

**Ruling:** The Court is unable to determine from the parties' letters whether defendants have actually produced copies of the communications between them and their expert witnesses. Plaintiff is entitled to production of these communications. Plaintiff shall file a status report on or before **JULY 27, 2009**, indicating whether defendants have produced copies of their communications with expert witnesses.

### 6. Interrogatory No. 12

**INTERROGATORY NO. 12:** Identify all mortgage loans originated by First United from September 12, 2001 to May 1, 2003, and, for each loan identified, identify the location of the real property used to secure the loan, the borrower, the loan officer, the appraiser, the closing agent, the title insurance company, and the lender associated with each loan and state the amount of compensation you and the associated loan officer received for originating each loan.

**Plaintiff's position**: Plaintiff states, that in an attempt to resolve the dispute, it offered to limit the request to information only as it pertains to other defendants in this case excluding First United (loans closed by any defendants, property purchased by any defendant, appraisals performed by any defendant, etc.) Plaintiff says this information is relevant to its civil conspiracy claim, and plaintiff has no way to confirm defendant's First United's assertions that it did not regularly work with co-defendants without reviewing the applicable business and other records. Plaintiff states that it is entitled to establish whether a pattern exists between First United's working relationship with any of the other defendants, especially appraisal defendants Dusty Owens and Michael Zabor (who defendant First United claimed were not affiliates of it in its response to plaintiff's motion for summary judgment).

**Defendant's position:** Defendant notes that plaintiff's offer to limit this interrogatory comes after the close of discovery, and that the interrogatory posed to defendant prior to the close of discovery was overly broad. Defendant also suggests that any request for information beyond the three specific loans at issue in this case is not proper and will not lead to any

evidence supporting plaintiff's claims.

**Ruling:** for <u>defendants.</u>  Although information regarding a relationship between defendants Owens, Zabor and First United would be relevant to this case, that was not the question posed of defendants before the close of discovery.  The question actually posed to defendants was far too broad, burdensome, and not calculated to lead to relevant information.

## C.  First Magnus' Second Request for Production to First United

### 1.  Requests for Production Nos. 2 and 7

**REQUEST FOR PRODUCTION NO. 2**: Produce all documents that provide the basis for any payment made by First United, its principals, members, employees, or agents to or for the benefit of Dusty Owens from September 12, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents that provide the basis for any payment made by First United, its principals, members, employees, or agents to or for the benefit of Michael Zabor from September 12, 2001 to the present.

**Plaintiff's position:** Plaintiff believes this information is relevant, as it appears that Ms. Owens and Mr. Zabor inflated appraisals or falsified appraisals, and Ms. Owens possible lied to a federal agent regarding appraisals.  Payments between the defendants, even if for legitimate reasons, are relevant in that the establish the bias and relationship between co-defendants.  Plaintiff also states that defendant's objection that tracking down these payments is unduly burdensome leads plaintiff to believe that there must be multiple responsive transactions/documents.

**Defendant's position**: Defendant states that this request for documents extends well beyond transactions even remotely related to the allegations in this matter.  Defendant also states that it would appear that plaintiff would already have in its own files all loan files which involved appraisals by Owens and Zabor.  Defendant further states that its payment(s) to Zabor and Owens have no bearing on whether they conducted falsified/inflated appraisals or Ms. Owens lied to federal agents.  In addition, with respect to request number 7, without waiving its objection, First United did respond that it was not aware of any such document.

**Ruling:** For <u>plaintiff</u>, in part.  Defendant shall produce all documents that provide the basis for any payment made by First United, its principals, members, employees, or agents to or for the benefit of Dusty Owens and Michael Zabor from **September 12, 2001 to May 1, 2003**.  Defendant shall, on or before **July 27, 2009**, either (1) produce these documents to plaintiff, or (2) file a detailed status report with the Court detailing the status of collection and production of these documents.

7

### 2. Request for Production No. 3

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents reflecting any and all cash distributions or any transfer of value between First United and Carl Gennusa and/or Matthew McFeeters from September 12, 2001 to the present.

**Plaintiff's position:** Plaintiff states that it is willing to limit its request for September 2001 to May 1, 2003. Plaintiff states that it believes payments are relevant in that they may establish control of the entity, bias, and the existence of a conspiracy among First United and Defendants Gennusa and McFeeters, as well as a motive for originating fraudulent loans, if the revenue is then funneled to Gennusa and McFeeters.

**Defendant's position:** Seeking the compensation received by Carl Gennusa and/or Matthew McFeeters from September 12, 2001 to present is not reasonably calculated to lead to the discovery of admissible evidence, is annoying, oppressive, harassing. In addition, such request unreasonably extends well beyond any compensation which is remotely related to the conduct alleged in First Magnus Complaint. The only relevant information would be related to compensation as to the three loans that are the subject of First Magnus' claims.

**Ruling:** Defendants shall produce on or before **July 27, 2009**, all documents reflecting any and all cash distributions or any transfer of value between First United and Carl Gennusa and/or Matthew McFeeters related to the three loans (Wall, Long, and Ricklefs) that are the subject of this complaint. To the extent that plaintiff requests broader information, that request is **DENIED.**

### 3. Request for Production No. 5

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents concerning all payments or other transfers of anything of value made in connection with the subject transactions, including but not limited to, payments for appraisals, finders fees, commissions, bribes, or processing fees.

**Plaintiff's position:** Plaintiff states that the parties discussed how most of this information should be contained in the loan files associated with these transactions, and plaintiff asked defendant to confirm that the entire loan files have been or will be produced.

**Defendant's position:** Defendant states it is agreeable, without waiving its objection, to confirm that the entire loan files, including all documents associated with such loans, of the matters being pursued by First Magnus, as alleged in the Complaint, have been produced by First United.

**Ruling:** Based on the parties' representations in their letters, it appears the parties have resolved this dispute. To the extent that the parties believe anything remains at issue in

regards to this request for production, the parties must notify the Court before **JULY 27, 2009.**

### 4. Request for Production No. 6

**REQUEST FOR PRODUCTION NO. 6:** Produce all brochures, advertisements, flyers, correspondence and/or other documents produced by anyone to create or solicit business or clients for you or First United.

**Plaintiff's position**: Plaintiff believes the representations defendant made to the public are relevant to the manner in which defendant processed and handled loans and loan applications. Plaintiff states that if defendant represented "to have the fastest closing time, the loan of 'last resort' or that no one will be denied a loan," such representations would be indicative of how defendant handled its loan origination process. Plaintiff further states that this request should not be limited in time, as if defendant stopped making certain representations, it might be indicative that those representations had been false or inaccurate.

**Defendant's position:** First United stands by its objection in response to First Magnus' request for production number 6. The advertising items without limitation of time period prior to or many years after the alleged conduct in the Complaint simply is unrelated to whether a breach of contract occurred or a tort was committed, as alleged by First Magnus.

**Ruling:** for <u>defendants.</u> The Court agrees that the information sought does not appear to be relevant as to whether a breach of contract occurred or a tort was committed.

### 5. Request for Production Nos. 9 and 10

**REQUEST FOR PRODUCTION NO. 9**: Produce Carl Gennusa's Employee File including payroll records and records of any other monetary distribution.

**REQUEST FOR PRODUCTION NO. 10:** Produce Matt McFeeters's Employee File including payroll records and records of any other monetary distribution.

**Plaintiff's position**: Plaintiff states that in an effort to resolve this dispute, it would limit the request from September 12, 2001 to May 1, 2003. Plaintiff believes the income and payment among co-defendants is relevant to any agreement in connection with conspiracy claims and is further relevant to establish motive to originate fraudulent or negligent loans.

**Defendant's position:** Defendant states that its argument is the same as in response to request for production number 3. Defendant states this request covers a time period which extends nearly 6 years beyond the allegations in the complaint, and the request also unreasonably extends beyond any compensation which is related to the three loans at issue in the complaint.

9

**Ruling:** for <u>defendants</u>. The Court agrees with defendants' position that this request is overly broad, and not likely to lead to admissible evidence.

### 6. Request for Production No. 13

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents that concern the relationship between Carl Gennusa or Matt McFeeters and First United including any documents that describe procedural protocols for loan officers, the loan application and underwriting process, closing agents, the closing process, and any other services provided by First United.

**Plaintiff's position:** Plaintiff states that its primary goal was to obtain documents that reflect policies, procedures and other guidance documentation relating to loan applications, underwriting processes, closing processes and other services officer by defendant First United. Plaintiff indicates that counsel for defendant indicated that he would verify whether such information exists and report back re potential production or supplementation of responses.

**Defendant's position:** Defendant states that without waiving its objection and in the spirit of compromise, First United is agreeable to produce its policies, protocols, and rules that govern loan officer activity from September 12, 2001 to May 2003.

**Ruling:** Based on the parties' representations in their letters, it appears the parties have resolved this dispute. To the extent that the parties believe anything remains at issue in regards to this request for production, the parties must notify the Court before **JULY 27, 2009.**


**IT IS SO ORDERED.**


Dated:  07/20/09                                                     /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                                         Fernando J. Gaitan, Jr.
                                                                          Chief United States District Judge

10